**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:19-CV-80244-ROSENBERG/REINHART**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**CASTLEBERRY FINANCIAL SERVICES GROUP,**
**LLC, T. JONATHON TURNER, f/k/a "JON BARRI**
**BROTHERS," and NORMAN M. STRELL,**

**Defendants,**

**and**

**CASTLEBERRY ALL SPORTS SERVICES GROUP,**
**INC., SUZANNE L. STRELL, and NORMAN M. STRELL**
**REVOCABLE TRUST,**

**Relief Defendants.**
_____/

**JUDGMENT AS TO DEFENDANT CASTLEBERRY**
**FINANCIAL SERVICES GROUP, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant

Castleberry Financial Services Group, LLC having entered a general appearance through counsel;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings

of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

### <u>SECTION 17(a) OF THE SECURITIES ACT OF 1933</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or

any omission of a material fact necessary in order to make the statements  made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the management of the company; (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## II.

## <u>SECTION 10(B) OF THE EXCHANGE ACT OF 1934</u>

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the management of the company; (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## III.

## <u>ASSET FREEZE</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that until further Order of the Court:

> A.     Defendant and its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby remain, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located; and

> B.     Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendant, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets.

## IV.

## <u>RECORDS PRESERVATION</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that until further Order of the Court, Defendant and any of its respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and hereby remain restrained and enjoined from,

directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants or Relief defendants, wherever located and in whatever form, electronic or otherwise.

## V.

## <u>DISGORGEMENT AND CIVIL PENALTY</u>

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from February 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and the Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VII.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of April 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Counsel of Record