UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-80244-RLR

**SECURITIES AND EXCHANGE COMMISSION,**

                  **Plaintiff,**

v.

**CASTLEBERRY FINANCIAL SERVICES GROUP, LLC, T. JONATHON TURNER, f/k/a "JON BARRI BROTHERS," and NORMAN M. STRELL,**

                  **Defendants,**

and

**CASTLEBERRY ALL SPORTS SERVICES GROUP, INC., SUZANNE L. STRELL, and NORMAN M. STRELL REVOCABLE TRUST,**

                  **Relief Defendants.**
_____/

### ORDER GRANTING PLATINFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT T. JONATHON TURNER

This matter is before the Court on Plaintiff Securities and Exchange Commission's Motion for Default Judgment Against Defendant T. Jonathon Turner and Relief Defendants. Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Default Judgment of Permanent Injunction against Defendant T. Jonathon Turner, f/k/a "Jon Barri Brothers":

**Findings of Fact and Conclusions of Law**

1. This Court has personal jurisdiction over Turner and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. Turner was properly served with a summons and a copy of the Complaint pursuant

to Rule 4 of the Federal Rules of Civil Procedure, and thus, he has proper notice of this action.

3. As of the date of this Order, Turner has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against Turner on May 14, 2019. [DE 43]. By virtue of the default and the failure to respond to the Complaint, Turner is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against him. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Turner has committed the violations alleged in the Complaint. Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment against Defendant T. Jonathon Turner is **granted**. Default Judgment is entered against Turner as follows:

## I.

## PERMANENT INJUNCTION

### A. Section 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Turner is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; and

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) the prospects for success of any product or company; or

    (b) the business operation of a company; or

    (c) the management of a company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Turner or with anyone described in (a).

### B.  Section 17(a) Of the Securities Act of 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Turner is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

  (a) the prospects for success of any product or company; or

  (b) the business operation of a company; or

  (c) the management of a company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Turner's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Turner or with anyone described in (a).

## II.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Turner shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from February 2018, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  The Commission shall file a motion seeking specific

disgorgement, prejudgment interest, and civil penalty amounts within 90 days of the entry of this Order.

### III.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and Turner in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## V.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Done and Ordered in Chambers in West Palm Beach, Florida, this 14th day of June, 2019.

_____
**HONORABLE ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE**