UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-80244-RLR

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CASTLEBERRY FINANCIAL SERVICES GROUP, LLC, T. JONATHON TURNER, f/k/a "JON BARRI BROTHERS," and NORMAN M. STRELL,

Defendants,

and

CASTLEBERRY ALL SPORTS SERVICES GROUP, INC., SUZANNE L. STRELL, and NORMAN M. STRELL REVOCABLE TRUST,

Relief Defendants.
_____/

## FINAL DEFAULT JUDGMENT A OF DISGORGEMENT AND OTHER RELIEF AS TO RELIEF DEFENDANT <u>NORMAN M. STRELL REVOCABLE TRUST</u>

THIS MATTER is before the Court on Plaintiff Securities and Exchange Commission's Motion for Default Judgment Against Defendant T. Jonathon Turner and Relief Defendants. Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Final Default Judgment as to Relief Defendant Norman M. Strell Revocable Trust ("Strell Trust"):

**Findings of Fact and Conclusions of Law**

1. This Court has personal jurisdiction over Relief Defendant Strell Trust and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. Relief Defendant was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, and thus, it has proper notice of this action.

3. As of the date of this Final Judgment, Relief Defendant has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against Relief Defendant on May 14, 2019. [DE 43]. By virtue of the default and the failure to respond to the Complaint, Relief Defendant is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against it. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court fnds Relief Defendant liable for disgorgement as alleged in the Complaint. Accordingly, it is:

5. Through the allegations of the complaint deemed admitted against Relief Defendant Strell Trust and evidence submitted in support of its disgorgement motion, the Commission has established that it is entitled to disgorgement from Strell Trust of $96,000, and prejudgment interest on that cash of $1,456.75.

Accordingly, it is ordered and adjudged that Plaintiff's Motion for Default Judgment against Relief Defendant Strell Trust is **granted**. Default Judgment is entered against Relief Defendant as follows:

### I. DISGORGEMENT

**IT IS HEREBY ORDERED AND ADJUDGED** that Relief Strell Trust is liable for disgorgement in the amount of $96,000, representing profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest thereon of $1,456.75, for a total of $97,456.75, on a joint and several basis with Defendant Norman M. Strell.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Norman M. Strell Revocable Trust as a relief defendant in this action; and specifying that payment is made pursuant to this Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Eric Morales.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay,

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Done and Ordered in Chambers in West Palm Beach, Florida, this 14th day of June, 2019.

_____
**HONORABLE ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**