**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:19-CV-80244-RLR**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**CASTLEBERRY FINANCIAL SERVICES GROUP,
LLC, T. JONATHON TURNER, f/k/a "JON BARRI
BROTHERS," and NORMAN M. STRELL,**

**Defendants,**

**and**

**CASTLEBERRY ALL SPORTS SERVICES GROUP,
INC., SUZANNE L. STRELL, and NORMAN M. STRELL
REVOCABLE TRUST,**

**Relief Defendants.**

_____/

**<u>FINAL JUDGMENT AS TO DEFENDANT NORMAN M. STRELL</u>**

The Securities and Exchange Commission having filed a Complaint and Defendant Norman M. Strell ("Strell") having:  entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as personal and subject matter jurisdiction, which Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

# I.

## PERMANENT INJUNCTION

### A.  Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Strell is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud; and

(b)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a)     the prospects for success of any product or company; or

(b)     the business operation of a company; or

(c)     the management of a company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.** <u>**Section 17(a) of the Securities Act of 1933**</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Strell is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a)  the prospects for success of any product or company; or

(b)  the business operation of a company; or

(c)  the management of a company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### DISGORGEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Strell is liable for disgorgement of $96,000, representing ill-gotten profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,456.75, for a total of $97,456.75. This amount is deemed satisfied by the restitution ordered against Strell in the criminal case concerning the same conduct at issue in this case, *United States v. T. Jonathon Turner, et al.*, Case No. 19-cr-80073-RLR (S.D.Fl. 2019) (D.E. 113).

## III.

### INCORPORATION OF DEFENDANT'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent (D.E. 36-1) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Done and Ordered in Chambers in West Palm Beach, Florida, this 31st day of March, 2020.


**HONORABLE ROBIN L. ROSENBERG**
**UNITED STATES DISTRICT JUDGE**